United States District Court
Southern District of Texas
**ENTERED**
November 04, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KARL J. HODSON, and<br>KARL ANTHONY HODSON,<br>TDCJ No. 01617855, | §<br>§<br>§ | |
| Plaintiffs, | § | |
| V. | § | CIVIL NO. SA-15-CA-896-XR (PMA) |
| CANDACE MOORE,<br>Captain J.C. GONZALES, and<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, | §<br>§<br>§<br>§ | |
| Defendants. | § | |

**NUNC PRO TUNC ORDER TRANSFERRING CAUSE**

The matters before the Court are (1) plaintiff Karl Anthony Hodson's failure to sign the original complaint in this action, as required by Rule 11(a), FED.R.CIV.P., (2) the failure of purported plaintiff Karl J. Hodson to furnish information required by Rule 17, Fed.R.Civ.P., showing he possesses legal authority under applicable state or federal law to bring an action in his own name on behalf of his adult son - Karl A. Hodson, and (3) plaintiff's complaint filed October 16, 2015 (ECF no. 1), which fails to identify any legal basis for this Court's exercise of jurisdiction over the plaintiff's legal arguments and claims.

<u>Deficiencies in Plaintiffs' Original Pleading</u>

Pursuant to 28 U.S.C. § 1915A, all federal courts are required to screen complaints filed in a civil action by a prisoner. Therefore, plaintiff Karl Anthony Hodson's claims herein are subject to review under Section 1915(e) and Section 1915A and possible dismissal as frivolous regardless of whether he pays any portion of the filing fee in this cause. *See Ruiz v. United States*, 160 F.3d

273, 275 (5th Cir. 1998) (holding the federal district courts are required to dismiss any action brought by a prisoner that is frivolous, malicious, fails to state a cause of action, or seeks monetary damages from a defendant who is immune from such relief); 42 U.S.C. §1997e(c).

Title 28 U.S.C. Section 1915(e) and Section 1915A accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). In an action filed *in forma pauperis*, a court may raise sua sponte the issue of whether an action is malicious or frivolous under Section 1915(e). *Neitzke v. Williams*, 490 U.S. at 327, 109 S. Ct. at 1833; *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999), (holding it appropriate for a district court to *sua sponte* determine whether a claim was barred by limitations); *Schultea v. Wood*, 47 F.3d at 1434. Dismissal of a claim as frivolous under Section 1915(e) and Section 1915A(b) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. at 325, 109 S. Ct. at 1831; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Harris v. Hegmann*, 198 F.3d at 156; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998); *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding frivolous complaints by a prisoner in administrative segregation regarding restrictions on his recreation and visitation time, possession of personal property, ability to purchase items from the commissary, denial of desert, required jump suit, handcuffs during all transfers, and food that included Vita-Pro), *cert. denied*, 527 U.S. 1041 (1999).

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers v. Boatright*, 709 F.3d at 407; *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Harris v. Hegmann*, 198 F.3d at 156; *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 32-33, 112 S. Ct. at 1733-34; *Rogers v. Boatright*, 709 F.3d at 407; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire), *cert. denied*, 560 U.S. 944 (2010); *Harris v. Hegmann*, 198 F.3d at 156 (holding a complaint is factually frivolous when the facts alleged are fantastic or delusional or the legal theory upon which a complaint relies is indisputably meritless).

Karl J. Hodson, the father of Karl Anthony Hodson, purports to file this civil action on behalf of himself and his son without referencing any particular legal basis for this court's exercise of jurisdiction over his son's legal claims. Instead, the elder Hodson alleges simply that his son's rights under the Texas Penal Code and various federal statutes and the federal Constitution have been violated. This Court will liberally construe the complaint currently before this Court as an attempt by the younger Mr. Hodson, a state prisoner, to assert a claim for relief under 42 U.S.C. § 1983. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). While this Court is required to liberally construe pro se pleadings, this Court is not

required, however, to exercise clairvoyance with regard to the legal basis underlying a party's claims or the legal bases by which one citizen attempts to represent another adult in a legal action. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.").

The elder Hodson does not allege any facts showing that he personally has suffered any injury. Rule 17(a), FED.R.CIV.P., provides that an action must be prosecuted in the name of the real party at interest. The elder Hodson does not identify any legal authority which authorizes him to bring suit on behalf of his adult son. Instead, the complaint now before this Court states, in conclusory fashion, only that they wish to (1) challenge the outcome of a TDCJ disciplinary action (no. 20150229962) involving the younger Mr. Hodson (who is currently serving a life sentence without the possibility of parole for capital murder in Kendall County cause no. 4727) and (2) seek monetary damages against a pair of TDCJ employees whom they allege violated the younger Mr. Hodson's rights in the course of the same TDCJ disciplinary proceeding. More specifically, the plaintiffs allege as follows: (1) charging officer Candace Moore made false accusations against the younger Mr. Hodson after the elder Mr. Hodson filed a FOIA request (apparently for information relating to the younger Mr. Hodson's finances with the TDCJ), (2) Moore retaliated against the younger Mr. Hodson by making false statements against this plaintiff in a disciplinary report, (3) Moore than searched the younger Hodson's cell in violation of the Fourth Amendment, (4) Moore confiscated unidentified legal documents and "personal" documents from the younger Hodson, (5) Captain J.C. Gonzales failed to present the confiscated documents at the younger Hodson's disciplinary hearing, thereby depriving the younger Hodson of this evidence, (6) Gonzales denied the younger Hodson the right to present witnesses, video recordings, log-in records, and other

4

evidence during the hearing, (7) TDCJ was at fault for the younger Hodson's possession of allegedly contraband documents because the elder Hodson mailed the documents in question to the younger Hodson at the Hughes unit in 2012 and TDCJ officials allowed the younger Hodson to receive the documents in question, (8) Moore illegally inquired as to the younger Hodson's religious affiliation in violation of the younger Hodson's First Amendment rights, and (9) Gonzales illegally found the younger Hodson guilty of a disciplinary infraction and took away a number of the younger Hodson's privileges. There is no allegation in the original complaint suggesting the younger Hodson has ever filed a federal habeas corpus action in any court challenging the outcome of the prison disciplinary proceeding in question.

The Court notes that, generally, challenges to the outcome of a prison disciplinary proceeding must be brought in a habeas corpus proceeding. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (federal prisoner seeking to bring a *Bivens* action challenging a prison disciplinary hearing had to exhaust available habeas corpus remedies before resorting to a civil rights action). Plaintiff Karl Anthony Hodson's sentence of life imprisonment without the possibility of parole may warrant different treatment. Nonetheless, plaintiffs' conclusory complaints of retaliation in the original complaint are not supported by any specific facts. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir.) (" 'To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.' *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998)."), *cert. denied*, 549 U.S. 1038 (2006). Plaintiffs also fail to allege any facts showing their claims against the Texas Department of Criminal Justice are not foreclosed by the Eleventh Amendment, under which federal courts are without jurisdiction over suits against a state, a state

agency, or a state official in his official capacity unless the state has waived its sovereign immunity or Congress has clearly abrogated it. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 2033, 138 L. Ed. 2d 438 (1997); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 1123, 134 L. Ed. 2d 252 (1996); *Moore v. Louisiana Bd. of Elementary and Secondary Education*, 743 F.3d 959, 963 (5th Cir. 2014); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011).

Proper Venue

Title 28 U.S.C. § 1391(b) provides a civil action may be brought (1) in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district if located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Title 28 U.S.C. § 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See Hartman v. Cataphora, Inc.,* 730 F.3d 460, 466 (5th Cir. 2013) ("upon finding that it lacked personal jurisdiction, the district court correctly cited Section 1406(a) for the authority to transfer the case if that was appropriate in the interest of justice."). Here, all of the events giving rise to plaintiff's claims took place in Bee County and all of the defendants appear to reside in Bee County, as does plaintiff Karl Anthony Hodson. Bee County, Texas lies within the geographic boundaries of the United States District Court for the Southern District of Texas. 28 U.S.C. § 124(b)(6). Under such

6

circumstances, this Court finds a transfer to the Corpus Christi Division of the United States District Court for the Souther District of Texas is proper and in the interests of justice.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN**.

2. On or before thirty days from the date of this Order, plaintiffs shall file with the Clerk of the Corpus Christi Division of the United States District Court for the Southern District of Texas an amended complaint which either (a) each plaintiff shall personally sign or (b) shall include specific factual allegations showing plaintiff Karl J. Hodson is authorized under applicable state or federal law to appear in this lawsuit and bring suit in his own name as the legal representative of Karl Anthony Hodson, in compliance with Rule 17, FED.R.CIV.P.

3. Plaintiffs are advised that a failure on their part to timely comply with this Order may result in the dismissal of plaintiffs' claims for failure to prosecute and as frivolous and the imposition of sanctions pursuant to 28 U.S.C. § 1915(g).

4. The Order issued October 27, 2015 (ECF no. 2) is **VACATED**.

5. This cause is **TRANSFERRED** to the Corpus Christi Division of the United States District Court for the Southern District of Texas for all further proceedings.

It is so ORDERED.

SIGNED this 3rd day of November, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE