United States District Court
Southern District of Texas
**ENTERED**
February 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KARL A. HODSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-453 |
| | § | |
| CANDACE MOORE, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFFS' MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff Karl A. Hodson is an inmate in the Texas Department of Criminal Justice (TDCJ). Plaintiff Karl J. Hodson is the father of inmate-plaintiff Hodson. Proceeding *pro se*, Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1, 12, 16). Plaintiffs allege a variety of claims involving the TDCJ discipline of plaintiff-inmate Hodson for possessing documents determined to be contraband by TDCJ officials. The contraband documents are of the type frequently used by inmates and others to encumber property with fraudulent liens or to state false claims under specious legal theories. This type of activity is sometimes referred to as "sovereign citizens ideology." (D.E. 52, pp. 65-78). The contraband documents (D.E. 28, 52) have been filed under seal and have been reviewed by the undersigned *in camera.*

Pending are Plaintiffs' motions for appointment of counsel. (D.E. 35, 38). The undersigned has considered the briefing submitted by the parties on this matter. (D.E. 36, 37, 39, 40, 43, 61).

No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, Plaintiffs' civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether Plaintiffs are in a position to adequately investigate and present their case. Plaintiffs have thus far demonstrated that they are each able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiffs' case is in the very early

stages as it is currently being screened by the undersigned pursuant to 28 U.S.C. § 1915A. The case has not been set for trial. Consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

For the foregoing reasons, Plaintiffs' motions for appointed counsel (D.E. 35, 38) are **DENIED without prejudice.**

ORDERED this 11th day of February, 2016.

Jason B. Libby
United States Magistrate Judge